OPINION
The State of Ohio appeals from a judgment of December 31, 1998, which granted a judicial release from further imprisonment to Joseph L. Arnett. We affirm.
On December 19, 1996, Arnett was indicted on two counts, involuntary manslaughter, a felony of the first degree, and endangering children, a felony of the third degree. Arnett subsequently pleaded no contest and was found guilty on both counts on July 9, 1997. On August 12, 1997, the trial court imposed a four-year prison term, as set forth in its judgment entry of sentence which reads in pertinent part:
 On August 8, 1997 the defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court Reporter, Monica Hissong, Defense Attorney, Gary L. Brown, and the State's Attorney, Jonathan P. Hein, were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and Presentence Investigation Report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
 The Court finds that the defendant has been convicted of Involuntary Manslaughter, contrary to Section 2903.04(A), a felony of the first degree and of Endangering Children, contrary to Section 2919.22(B)(1), a felony of the third degree.
 The Court further finds the defendant is not amenable to community control and that prison is consistent with the purpose of R.C. 2929.11.
 It is hereby Ordered that the defendant serve a term of forty-eight months (4 years) in the Ohio Department of Rehabilitation and Corrections on each count, these sentences to be served concurrently.
No appeal was taken by Arnett. On December 23, 1998, Arnett filed a motion for judicial release pursuant to R.C. 2929.20. The trial court held a hearing on the motion on December 30, 1998, and granted the motion on December 31, 1998, with the following judgment entry:
 Before the Court is the motion of the Defendant, Joseph L. Arnett, for judicial release. A hearing was held upon the motion on December 30, 1998. Counsel for the State, Counsel for the Defendant, the Defendant, and the victim's mother offered arguments both for and opposing judicial release. After careful consideration of the arguments, the interview by Probation Officer John Tabler conducted on December 1, 1998, and the statements made by the Defendant, the Court concludes that a community control sentence, coupled with the 20 months the Defendant has spend [sic] in confinement, will not demean the seriousness of the offense and will adequately protect the public. The Defendant has no prior criminal history, has exhibited remorse, and has completed stress management classes while confined. The likelihood of any future offense is low.
 It is, therefore, ordered that the balance of the Defendant's sentence be suspended and that he be placed on community control through the Adult Probation Department for a period of five (5) years upon the following conditions:
 1) Complete the C.A.I.R. programs or its equivalent for stress control
 2) Successfully complete the I.S.P. Programs including 40 hours of community service
3) Report as ordered
 4) Repay any medical or funeral expenses incurred by the victim's family
5) Pay Court costs within 12 months
 6) Pay Court appointed attorney fees within 18 months
 7) Receive an evaluation from Darke County Mental Health Clinic and complete any recommendations made by it
8) Seek and maintain employment
 9) Have no further violations of any Federal, State, or Local laws
 10) Abide by all the rules and regulations of the Adult Probation Department
 The Defendant is ordered released from the Darke County Criminal Justice Center at 12:00 noon on December 31, 1998.
The State appealed from this judicial release, asserting error by the trial court on the ground that the court failed "to specify on the record its required findings and to list all the factors presented at the motion hearing." Appellant brief at 1.
The granting of judicial release is governed by R.C.2929.20(H) which provides in its entirety as follows:
 (H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for who there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12
of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
Appellate review of judicial release from imprisonment imposed on account of a second degree felony is authorized by R.C.2953.08(B)(3). An appellate court considering an R.C.2953.08(B)(3) appeal is directed by R.C. 2953.08(G)(2) as follows:
 The court hearing an appeal under division (B)(3) of this section of a trial court's modification pursuant to section 2929.20 of the Revised Code of a sentence that was imposed upon a defendant for a felony of a first or second degree may overturn the modification and reinstate the original sentence, or may vacate the modification of the sentence and remand the matter to the trial court for reconsideration, only if the court clearly and convincingly finds any of the following:
 (a) That the record does not support the modification based on the criteria for modification set forth in division (H) of section 2929.20 of the Revised Code;
 (b) That the modification was not made in accordance with the procedures set forth in section 2929.20 of the Revised Code, that the defendant was not eligible for the modification under that section, or that the modification otherwise was contrary to law.
The State argues, in essence, that the trial court failed to comply with its responsibilities under R.C. 2929.20(H)(2), supra, to fully articulate its rationale for judicial release. Upon consideration of the entire record, we conclude that the December 31, 1998, judgment entry passes muster.
The trial court clearly found that a sentence of community control for Arnett, "coupled with the twenty months the defendant has spend [sic] in confinement, will not demean the seriousness of the offense and will adequately protect the public." Entry,supra. The court even set forth its reasons why its been found that recidivism is unlikely, compared to the court's finding that recidivism was balanced with the seriousness of the offense in its August 12, 1997 judgment entry of sentence. However, the finding required by R.C. 2929.20(H)(1)(b) was not explicitly made. This court was very recently faced with an identical situation in reviewing a judicial release by the same trial court on the same date of another convicted felon. State v. Grilliot (Sept. 24, 1999), Darke App. No. 99 CA 1485, unreported. As we stated inGrilliot, the court did not explicitly rebalance the seriousness factors, and the only new fact before it at the judicial release hearing was that Arnett had then spent twenty months in prison. As we held in Grilliott, a rebalancing of the seriousness factors is unlikely to change at the judicial release hearing from that found by the court at the original sentencing, but the court is authorized to "consider any other factors relevant to achieving the purposes and principles of sentencing." R.C. 2929.12(A). The trial court articulated the facts which changed its mind on whether the community control sanction was sufficient by noting that Arnett has already spent twenty months of his four-year sentence in prison, that he has no prior criminal history, has exhibited remorse, and has completed stress management classes.
Following our decision in Grilliot, we find that the court satisfied the spirit, if not the letter, of R.C. 2929.20(H)(1)(b), and we conclude that its finding is in keeping with these two subsections which, pursuant to R.C. 2929.20(H)(1), are to be read together.
The State does not contend that judicial release of Arnett was an abuse of discretion, and that issue is thus not before us. Based upon our decision in Grilliot, supra, the assignment of error is overruled, and the judgment is affirmed.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
Richard M. Howell
R. Kelly Ormsby, III
Gary L. Brown
Hon. Jonathan P. Hein